■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTIN NICHOLS, Appellant. [908 NYS2d 295]—

Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered July 29, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of stolen property in the third degree (Penal Law § 165.50). We reject the contention of defendant that the plea colloquy is insufficient to establish each element of the crime to which he pleaded guilty and thus that reversal is required. It is well settled that "an allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime" (*People v Goldstein*, 12 NY3d 295, 301 [2009]). Here, defendant responded in the affirmative when he was asked whether he possessed a stolen vehicle and whether he knew that the vehicle was stolen. Under the circumstances, defendant's additional comment "at some point in time" in his response to the latter question did not require further inquiry by County Court inasmuch as that additional comment did not "cast significant doubt upon defendant's guilt of [the] crime" (*People v Farnham* [appeal No. 1], 254 AD2d 767 [1998], *lv denied* 92 NY2d 949 [1998]). Rather, the "allocution shows that the defendant understood the charge[ ] and made an intelligent decision to enter a plea" (*Goldstein*, 12 NY3d at 301, citing *People v Fooks*, 21 NY2d 338, 350 [1967]). Also contrary to the contention of defendant, he was not entitled to a hearing on his pro se motion to withdraw his guilty plea. The contentions of defendant that he was innocent and that the plea was coerced by defense counsel are belied by defendant's statements during the plea colloquy (*see People v Farley*, 34 AD3d 1229, 1230 [2006], *lv denied* 8 NY3d 880 [2007]).

Finally, defendant was not denied effective assistance of counsel (*see generally People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Although defense counsel requested a continuance to enable her to call a witness at a pretrial identification hearing who in fact would have provided testimony that was beneficial to the prosecution, the record establishes that she properly attempted to remedy that error when she did not ultimately call that witness to testify. Indeed, defense counsel objected when the prosecution requested permission to re-open the hearing in question to present the testimony of that witness. Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.