■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT S. IZZO, Appellant. [969 NYS2d 233]—

Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered January 23, 2012, convicting defendant upon his plea of guilty of the crimes of criminal sexual act in the second degree, unlawful imprisonment in the second degree (two counts), sexual abuse in the third degree, endangering the welfare of a child and aggravated harassment in the second degree.

Defendant was charged in a 10-count indictment with various crimes arising out of sexual contact he had with three underage girls. County Court dismissed two counts and defendant pleaded guilty to criminal sexual act in the second degree (two counts), unlawful imprisonment in the second degree (two counts), sexual abuse in the third degree (two counts), endangering the welfare of a child and aggravated harassment in the second degree. Pursuant to the plea agreement, defendant was placed on interim probation for one year, with the understanding that County Court made no promises as to sentencing upon the conclusion of the interim probation. Defendant thereafter admitted to violating the terms of his interim probation by being discharged from a sex offender treatment program, buying a

computer and sending over 100 emails, some with sexual references, to a 17-year-old girl. After County Court dismissed one count of criminal sexual act in the second degree and one count of sexual abuse in the third degree as duplicitous, defendant was sentenced to an aggregate prison term of two years followed by three years of postrelease supervision. Defendant appeals.

Defendant's sole contention on appeal is that his sentence is harsh and excessive in light of his mental health issues. The record reflects that County Court took into account defendant's mental health condition when it placed him on interim probation. The court also considered various reports from mental health professionals prior to imposing a sentence that was significantly less than the maximum that defendant could have received (*see* Penal Law § 70.80 [4] [a] [iii]). Under the circumstances presented herein, we find no abuse of discretion nor extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Jordan*, 36 AD3d 948, 948 [2007]; *People v Seavey*, 9 AD3d 742, 743 [2004], *lv denied* 4 NY3d 743 [2004]).

Rose, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.