*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 26, 2015               106135
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                               MEMORANDUM AND ORDER

DAVID A. ASHLAW,
                        Appellant.
_____

Calendar Date:  February 20, 2015

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

_____

        Richard V. Manning, Parishville, for appellant.

        Alexander Lesyk, Special Prosecutor, Norwood, for
respondent.

_____

Garry, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered July 26, 2013, convicting
defendant upon his plea of guilty of the crime of burglary in the
third degree.

        Pursuant to a combined plea agreement, defendant entered a
guilty plea to burglary in the third degree in satisfaction of a
four-count indictment.  Defendant also waived indictment and
pleaded guilty to the reduced charge of attempted burglary in the
second degree as charged in a superior court information related
to another incident, satisfying other outstanding charges (People
v Ashlaw, ___ AD3d ___ [decided herewith]).  The agreement
included an appeal waiver, among other terms.  In exchange,
County Court adjourned sentencing and placed defendant on interim

probation for one year in order to permit him to complete substance abuse treatment (see CPL 390.30 [6]) and avoid jail time. Defendant was required to comply with all conditions of his probation and was warned that, if he violated them, he could be sentenced to consecutive seven-year prison terms on each count, with three years of postrelease supervision. Defendant was specifically advised that he would be required to submit to random drug tests, obtain negative test results and comply with all recommended substance abuse treatment.

Sentencing was repeatedly adjourned to permit defendant to complete inpatient treatment. Although he successfully completed the first two programs, he was unsuccessfully discharged from the final program and, during that time, tested positive for drugs at least four times and admitted to attempting to use substitute urine for one court-ordered drug test. County Court thereafter concluded that defendant had failed to comply with the conditions of interim probation and sentenced him to a prison term of 20 months to five years on the burglary in the third degree conviction.[1] Defendant appeals.

Initially, although an appeal waiver was recited as a term of the plea agreement, the record does not establish that defendant's appeal waiver was knowing, voluntary and intelligent (see People v Lopez, 6 NY3d 248, 256 [2006]). Although County Court elicited an oral appeal waiver from defendant, the court did not explain its meaning or ascertain whether he had discussed the appellate process with counsel. Further, although defendant signed a written appeal waiver in court, the court did not confirm that he had read it, was aware of its contents or had "a full appreciation of the consequences" of such waiver (People v Seaberg, 74 NY2d 1, 11 [1989]; see People v Elmer, 19 NY3d 501, 510 [2012]; People v Bradshaw, 18 NY3d 257, 264-267 [2011]). Thus, his challenge to the sentence as harsh and excessive is not precluded (see People v Lopez, 6 NY3d at 257).

---

[1] Defendant also received a concurrent sentence of four years with three years of postrelease supervision on the attempted burglary in the second degree conviction (People v Ashlaw, supra).

     We find, however, that County Court properly considered defendant's violations of interim probation in determining an appropriate sentence (see People v O'Brien, 111 AD3d 1028, 1029 [2013]).  Given the repeated opportunities and leniency afforded him, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Izzo, 108 AD3d 944, 945 [2013], lv denied 21 NY3d 1074 [2013]).  His claim that interim probation was improperly terminated was not raised prior to sentencing or in a motion to withdraw his plea and, as such, it is unpreserved (see People v Waite, 119 AD3d 1086, 1087 [2014]).  Moreover, defendant was given repeated opportunities to be heard and did not dispute the violations (see People v Kocher, 116 AD3d 1301, 1302 [2014]), and the court adequately advised him of the terms of his guilty plea and conditions of interim probation, including the potential prison sentence if he failed to abide by them (see People v Waite, 119 AD3d at 1087).  The record does not support his contention that the court promised that he would be admitted to any particular treatment program.

     Lahtinen, J.P., Rose and Devine, JJ., concur.


     ORDERED that the judgment is affirmed.




                    ENTER:



                    Robert D. Mayberger
                    Clerk of the Court