*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 2, 2015                    106316
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,
        v                                      MEMORANDUM AND ORDER

GERALD A. RABIDEAU,
                    Appellant.
_____


Calendar Date:   May 26, 2015

Before:   Lahtinen, J.P., McCarthy, Rose and Clark, JJ.

_____


        Lisa A. Burgess, Indian Lake, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Timothy
Blatchley of counsel), for respondent.

_____


Rose, J.

        Appeal from a judgment of the County Court of Clinton
County (McGill, J.), rendered September 4, 2013, convicting
defendant upon his plea of guilty of the crime of criminal sale
of a controlled substance in the third degree.

        Defendant was charged with criminal sale of a controlled
substance in the third degree (two counts) and criminal
possession of a controlled substance in the third degree (two
counts).   In satisfaction of the charges, he pleaded guilty to
one count of criminal sale of a controlled substance in the third
degree and purportedly waived his right to appeal.   In accordance
with the plea agreement, County Court sentenced defendant, as a
second felony offender, to a prison term of seven years to be
followed by two years of postrelease supervision.   Defendant now

appeals, contending that his appeal waiver is invalid and that his agreed-upon sentence is harsh and excessive.

Initially, we cannot conclude that defendant's waiver of the right to appeal was knowingly, intelligently and voluntarily made inasmuch as County Court did not adequately explain to defendant that his waiver of the right to appeal was separate and distinct from the rights automatically forfeited upon a plea of guilty (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Labaff, 127 AD3d 1471, 1471 [2015]; People v Ritter, 124 AD3d 1133, 1134 [2015]). Although a written waiver dated the same day as the plea proceeding is in the record, "County Court made no inquiry as to whether defendant understood [it] or whether his counsel had in fact discussed the waiver[] with him" (People v Phipps, 127 AD3d 1500, 1501 [2015]; see People v Vences, 125 AD3d 1050, 1051-1052 [2015]). Accordingly, we hold that the appeal waiver is unenforceable and, thus, defendant's challenge to the sentence as harsh and excessive is not precluded (see People v Lopez, 6 NY3d 248, 257 [2006]; People v Ashlaw, 126 AD3d 1236, 1237 [2015]). However, based upon defendant's extensive criminal history, we find no extraordinary circumstances or abuse of discretion that would require modification in the interest of justice (see People v Labaff, 127 AD3d at 1472; People v Richards, 124 AD3d 1146, 1147-1148 [2015], lv denied 25 NY3d 992 [2015]).

Lahtinen, J.P., McCarthy and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court