*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 5, 2015                    106486
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

ADAM DAY,
                        Appellant.
_____


Calendar Date:   September 9, 2015

Before:  Peters, P.J., Lahtinen, Garry and Rose, JJ.

                        _____


        John Ferrara, Monticello, for appellant.

        James R. Farrell, District Attorney, Monticello (Michael J. Andreani of counsel), for respondent.

                        _____


Lahtinen, J.

        Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered December 19, 2013, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree (two counts).

        Faced with a five-count indictment and potential lengthy consecutive sentences, defendant pleaded guilty to two counts of criminal sale of a controlled substance in the third degree in satisfaction of the indictment and waived his right to appeal in exchange for a prison sentence of either 5½ or 6 years.  County Court sentenced defendant, a second felony offender, to six years in prison followed by a period of postrelease supervision.  Defendant appeals arguing that his sentence is excessive.

We affirm. Assuming, without deciding, that defendant's appeal waiver was invalid so as to permit consideration of the sentence issue (see People v Rolley, 100 AD3d 1263, 1263-1264 [2012]; People v Caines, 268 AD2d 790, 791 [2000], lv denied 95 NY2d 833 [2000]; cf. People v Vellon, 128 AD3d 1274, 1275 [2015]), we nevertheless find neither an abuse of discretion nor extraordinary circumstances meriting a reduction of defendant's sentence in light of his criminal record and the imposition of a sentence within the agreed range (see People v Rabideau, 130 AD3d 1094, 1095 [2015]).

Peters, P.J., Garry and Rose, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court