*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 17, 2016                    106893
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                        MEMORANDUM AND ORDER

CODY LEMON,
                        Appellant.
_____

Calendar Date:  February 10, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Clark, JJ.

_____

        David E. Woodin, Catskill, for appellant.

        James R. Farrell, District Attorney, Monticello (Meagan K. Galligan of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered May 22, 2014, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree, criminal possession of a weapon in the second degree and grand larceny in the fourth degree.

        Pursuant to a negotiated plea agreement, defendant waived indictment and pleaded guilty to burglary in the second degree, criminal possession of a weapon in the second degree and grand larceny in the fourth degree as charged in a superior court information.  The plea agreement included a waiver of appeal and satisfied a multitude of other pending criminal charges primarily emanating from larcenies, as well as violation of probation petitions.  The agreement provided that the aggregate sentence

would be capped at 10 years and could be as low as five years, with five years of postrelease supervision. Consistent with the agreement, County Court imposed an aggregate prison sentence of eight years to be followed by five years of postrelease supervision, and ordered defendant to pay restitution. Defendant appeals.

Defendant initially contends that his waiver of appeal was invalid, and we agree. A review of the record reveals that County Court failed to explain the significance of an appeal waiver or convey that it is "separate and distinct from those rights automatically forfeited upon a guilty plea" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Sanders, 25 NY3d 337, 340-341 [2015]; People v Rabideau, 130 AD3d 1094, 1094-1095 [2015]; People v Harris, 121 AD3d 1423, 1424 [2014], lv denied 25 NY3d 989 [2015]). Although defendant acknowledged that he had signed a written waiver of appeal during the plea proceedings, no inquiry was made as to whether he had read and understood it (see People v Rabideau, 130 AD3d at 1095). As defendant's understanding of the appeal waiver is not reflected on the face of the record, it is invalid and defendant is not precluded from challenging the severity of the sentence (see People v Zabawczuk, 128 AD3d 1267, 1269 [2015], lv denied 26 NY3d 937 [2015]).

Turning to that challenge, the record reflects that, while on probation, defendant engaged in a protracted crime spree in which he victimized many members of his community. The sentence imposed by County Court was far less than the consecutive sentences allowed for these separate criminal acts (see Penal Law § 70.25 [2]; People v Ramirez, 89 NY2d 444, 451 [1996]) and below the promised 10-year cap. In view of these facts and his prior criminal history, we are not persuaded that the sentence imposed was harsh or excessive or that extraordinary circumstances warrant a reduction in the interest of justice (see CPL 470.15 [6] [b]; People v Ashlaw, 126 AD3d 1236, 1237 [2015]).

Peters, P.J., Garry, Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court