## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  March 17, 2016                    107146
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

ROBERT C. BAKER,
                        Appellant.
_____

Calendar Date:  January 19, 2016

Before:  Peters, P.J., Rose, Lynch and Devine, JJ.

_____

Lisa A. Burgess, Indian Lake, for appellant.

Andrew J. Wylie, District Attorney, Plattsburgh (Timothy G. Blatchley of counsel), for respondent.

_____

Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered April 9, 2014, convicting defendant upon his plea of guilty of the crimes of criminal possession of stolen property in the fourth degree, criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

Defendant pleaded guilty to an indictment charging him with criminal possession of stolen property in the fourth degree. Defendant contemporaneously pleaded guilty to a separate indictment charging him with two counts each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, which followed his sale of narcotic drugs on two occasions.  No promises were made regarding sentencing, and sentencing was

adjourned to allow defendant to continue treatment for his opiate addiction.  After defendant was discharged from a treatment program for noncompliance, County Court imposed a prison term of 1⅓ to 4 years on the stolen property conviction, and concurrent four-year prison terms followed by two years of postrelease supervision on each of the drug convictions, the latter sentences to be served consecutively to the former.  Defendant now appeals.

Defendant's sole contention on appeal is that the sentences should be reduced in the interest of justice.  We disagree. The record reflects that County Court adjourned sentencing, affording defendant the opportunity to continue outpatient treatment, but required favorable treatment updates and warned defendant not to miss treatment meetings.  The court ultimately rejected a probationary sentence based upon, among other factors, his problematic engagement with treatment and eventual discharge from an outpatient treatment program for noncompliance.  Given that the sentence was far less than the maximum, defendant's repeated treatment transgressions and the seriousness of the charges, we cannot conclude that there was an abuse of sentencing discretion or that extraordinary circumstances warrant a modification in the interest of justice (see People v Ashlaw, 126 AD3d 1236, 1237 [2015]; People v Miller, 94 AD3d 1293, 1294 [2012]).

Peters, P.J., Rose, Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court