### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  May 19, 2016

106429
106430
106454

_____

THE PEOPLE OF THE STATE OF
   NEW YORK,

                Respondent,

     v                            MEMORANDUM AND ORDER

JOSHUA R. LAROCK,

                Appellant.

_____

Calendar Date:  April 25, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

_____

     John A. Cirando, Syracuse, for appellant.

     Mary E. Rain, District Attorney, Canton (Ramy Louis of counsel), for respondent.

_____

Rose, J.

     Appeals (1) from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered August 8, 2013, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree and criminal contempt in the first degree, and (2) by permission, from an order of said court, entered February 13, 2014, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

     In September 2011, pursuant to a combined negotiated plea agreement, defendant pleaded guilty to criminal contempt in the first degree in satisfaction of a three-count indictment,

admitting that he had violated an order of protection in place to protect the mother of his children (hereinafter the victim). Defendant also waived indictment and pleaded guilty to burglary in the third degree as charged in a superior court information, stemming from his theft from a business. The plea agreement included a waiver of appeal and satisfied other pending charges. It contemplated that if defendant successfully completed a Judicial Diversion Program (hereinafter the program) (see CPL art 216), he would be sentenced to two years of interim probation followed by five years of probation but, if he failed to complete the program, he could face consecutive sentences with a maximum aggregate of 11 years in prison. In May 2013, defendant was charged with violating several terms of the program, as amended, and thereafter waived his right to a hearing, consented to his termination from the program and admitted two of the violations. Defendant did so pursuant to an agreement whereby he received consecutive prison sentences of 2 to 4 years for the burglary conviction and 3 to 6 years for the contempt conviction, as an admitted second felony offender. An order of protection was issued in favor of the victim and defendant was ordered to pay restitution. Defendant's subsequent motion to vacate the judgment was denied without a hearing. Defendant now appeals from the judgment of conviction and, with permission, from the order denying his motion to vacate.

Initially, we agree with defendant that his waiver of appeal was not knowing, voluntary or intelligent (see People v Lopez, 6 NY3d 248, 256 [2006]). While County Court elicited an oral appeal waiver from defendant, the court failed to inform him that his appeal rights were separate and distinct from those rights automatically forfeited upon his guilty plea (see id.; People v Mones, 130 AD3d 1244, 1244 [2015]). The written waiver signed during the plea colloquy is likewise deficient, and there was no effort by the court to ascertain if defendant had read the waiver, was aware of its contents or had discussed it with counsel. Accordingly, as defendant's appreciation of the consequences of the waiver are not established on the record, the waiver is not valid (see People v Elmer, 19 NY3d 501, 510 [2012]; People v Rabideau, 130 AD3d 1094, 1094-1095 [2015]; People v

Ashlaw, 126 AD3d 1236, 1237 [2015]).

Defendant's challenges to the voluntariness and factual sufficiency of his guilty plea are unpreserved for our review in the absence of an appropriate postallocution motion raising these claims[1] (see People v Atkinson, 124 AD3d 1149, 1150 [2015], lv denied 25 NY3d 949 [2015]). The narrow exception to the preservation rule is inapplicable inasmuch as the record does not disclose that defendant made statements during the plea allocution casting doubt upon his guilt or negating a material element of the crime (see People v Lopez, 71 NY2d 662, 665-666 [1988]). Contrary to his assertions, the allocution was not ambiguous and he was "not required to recite the elements of his crime[s] or engage in a factual exposition, as his unequivocal affirmative responses to County Court's questions were sufficient to establish the elements of the crime[s] charged" (People v Rouse, 119 AD3d 1161, 1163 [2014] [internal quotation marks and citation omitted]). Moreover, defendant did not make any statements during the plea colloquy suggestive of an intoxication defense, and his postplea remark during a discussion concerning the order of protection did not obligate the court to make further inquiry regarding a potential defense (see People v Mayo, 130 AD3d 1099, 1100 [2015]; People v Pearson, 110 AD3d 1116, 1116-1117 [2013]; cf. People v Peterson, 124 AD3d 993, 994 [2015]).

Defendant next argues that County Court abused its discretion in terminating him from the program. However, defendant consented to his termination from the program and admitted violating the amended terms of the program contract in exchange for a negotiated sentence; he never attacked the program agreement before County Court, leaving the issue unpreserved (see People v Labaff, 127 AD3d 1471, 1472 [2015], lv denied 26 NY3d 931 [2015]; People v Disotell, 123 AD3d 1230, 1231 [2014], lv denied 25 NY3d 1162 [2015]).

_____

[1] Defendant did not raise these claims in his motion to vacate the judgment.

With regard to defendant's challenge to the agreed-upon sentence as harsh and excessive, we are unpersuaded given defendant's extensive criminal history and protracted failure to avail himself of numerous treatment and program opportunities to address his substance abuse and other problems. As the sentence was less than the maximum potential sentence under the original plea agreement and consecutive sentencing was authorized for these distinct crimes which involved domestic abuse and burglarizing a business (see Penal Law § 70.25 [2]; People v Salcedo, 92 NY2d 1019, 1021 [1998]), we decline to disturb the sentence.

Turning to defendant's challenge to the denial of his motion to vacate the judgment, we find that it was properly denied without a hearing (see CPL 440.30 [4]). Defendant's motion is premised upon purported newly discovered evidence consisting of an affidavit from the victim claiming that she had "exaggerated" the incident that led to the indicted criminal contempt in the first degree charge to which defendant pleaded guilty (see CPL 440.10 [1] [g]). However, "vacatur of a judgment of conviction on this ground is expressly conditioned upon the existence of a verdict of guilt after trial [and d]efendant's plea of guilty therefore foreclosed relief upon this ground" (People v Sides, 242 AD2d 750, 751 [1997] [emphasis added], lv denied 91 NY2d 836 [1997]; see People v Philips, 30 AD3d 621, 622 [2006], lv denied 8 NY3d 949 [2007]).[2] In any event, even if the affidavit were viewed as recantation evidence, which has been deemed an "extremely unreliable form of evidence" (People v Tucker, 40 AD3d 1213, 1214 [2007], lv denied 9 NY3d 882 [2007]), it was at most impeachment evidence, which is insufficient to set aside the judgment of conviction on this ground (see People v Salemi, 309 NY 208, 216, 221 [1955], cert denied 350 US 950 [1956]; People v Avery, 80 AD3d 982, 986 [2011], lv denied 17 NY3d 791 [2011]; People v Sides, 242 AD2d at 751). To the extent

_____

    [2] This new evidence likewise did not, as defendant asserts, deprive County Court of subject matter jurisdiction over these matters (see CPL 10.10 [2] [b]; 10.20 [1] [a]).

that defendant's motion is based upon an assertion of "actual
innocence" (People v Hamilton, 115 AD3d 12, 20-22 [2014]), his
submissions do not demonstrate his factual innocence (see People
v Caldavado, 26 NY3d 1034, 1037 [2015]).

Finally, we reject defendant's argument that the 18-year
no-contact order of protection in favor of the victim, to which
he consented as part of the final plea agreement, should be
vacated based upon the victim's submissions at sentencing and on
the CPL 440.10 motion.  Given defendant's admitted actions toward
the victim, repeated inability to abide by the temporary order
and harassment of the victim after County Court modified the
conditions when he was in the program, we find no abuse of
discretion (see CPL 530.12 [5]; People v Chang, 92 AD3d 1132,
1136 [2012]).[3]  Defendant's remaining claims have been examined
and determined to lack merit.

Lahtinen, J.P., Lynch, Clark and Aarons, JJ., concur.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[3]  Notably, the order of protection did not prohibit phone
contact or prison visitation with the children, provided the
victim was not involved, and County Court expressly left open the
possibility that the order could be modified if defendant were to
take certain steps.

ORDERED that the judgment and order are affirmed.