◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL BRIMMAGE, Appellant. [40 NYS3d 73]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered November 4, 2013, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him to a term of 18 years, unanimously affirmed.

Defendant's challenge to the voluntariness of his plea does not come within the narrow exception to the preservation

requirement (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]), and we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we also reject it on the merits. During his plea allocution, defendant complained about the length of the promised sentence, but said nothing that cast any doubt on his guilt (*see People v Toxey*, 86 NY2d 725 [1995]), and the allocution, viewed as a whole, establishes the voluntariness of the plea. Since defendant neither denied his guilt during the allocution nor moved to withdraw the plea, the court had no obligation to conduct a sua sponte inquiry into defendant's postplea denial of guilt reflected in the presentence report (*see e.g. People v Praileau*, 110 AD3d 415 [1st Dept 2013], *lv denied* 22 NY3d 1202 [2014]; *People v Pantoja*, 281 AD2d 245 [1st Dept 2001], *lv denied* 96 NY2d 905 [2001]), or defendant's statement made at sentencing that essentially reiterated his desire for a more lenient sentence.

We perceive no basis for reducing the sentence. Concur— Acosta, J.P., Renwick, Saxe, Feinman and Kahn, JJ.