*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 12, 2017          106151B
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

              v                          MEMORANDUM AND ORDER

AKIM BATES, Also Known as GEE,
                    Appellant.
_____

Calendar Date:  December 13, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Mulvey, JJ.

                    _____


        G. Scott Walling, Schenectady, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Tracey A.
Brunecz of counsel), for respondent.

                    _____


Devine, J.

        Appeal from a judgment of the County Court of Schenectady
County (Giardino, J.), rendered June 14, 2013, convicting
defendant upon his plea of guilty of the crime of criminal sale
of a controlled substance in the third degree.

        When this case was previously before this Court, we
rejected counsel's <u>Anders</u> brief, withheld decision and assigned
new counsel to represent defendant on appeal (139 AD3d 1110
[2016]).  New counsel has submitted a brief challenging the
validity of defendant's waiver of the right to appeal and the
severity of the sentence.

        Turning to the appeal waiver, the record discloses that
defendant executed a written waiver and related to County Court

during the plea colloquy that he voluntarily signed it.  County Court did not, however, explain the nature and ramifications of the waiver or ensure that defendant had read and understood it (see People v Lemon, 137 AD3d 1422, 1423 [2016], lv denied 27 NY3d 1135 [2016]; People v Williams, 132 AD3d 1155, 1155 [2015], lv denied 27 NY3d 1157 [2016]).  Under these circumstances, we conclude that the waiver was invalid and does not preclude defendant from challenging the severity of the sentence (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Lemon, 137 AD3d at 1423).

Upon his plea of guilty to the crime of criminal sale of a controlled substance in the third degree, defendant was sentenced as a second felony offender to five years in prison, to be followed by three years of postrelease supervision.  Given defendant's extensive criminal record and his acquiescence to the sentence as part of the plea agreement, we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Day, 133 AD3d 920, 920 [2015]; People v Rabideau, 130 AD3d 1094, 1095 [2015]).

Peters, P.J., Garry, Rose and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court