■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMY SIMMONS, Appellant. [44 NYS3d 738]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered July 9, 2013, convicting defendant, upon his plea of guilty, of two counts of attempted murder in the second degree, and sentencing him to concurrent terms of 20 years, unanimously affirmed.

Defendant's challenge to the voluntariness of his plea does not come within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665-666 [1988]), and we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we reject it on the merits. Defendant's plea allocution establishes the voluntariness of the plea and contains nothing that casts any doubt on defendant's guilt (see People v Toxey, 86 NY2d 725 [1995]). Since defendant neither said anything inconsistent with his guilt during the allocution nor moved to withdraw the plea, the court had no obligation to conduct a sua sponte inquiry into defendant's postplea exculpatory statements, reflected in the presentence report (see e.g. People v Brimmage, 143 AD3d 624 [1st Dept 2016]; People v Praileau, 110 AD3d 415 [1st Dept 2013], lv denied 22 NY3d 1202 [2014]; People v Pantoja, 281 AD2d 245 [1st Dept 2001], lv denied 96 NY2d 905 [2001]).

We perceive no basis for reducing the sentence. Concur— Richter, J.P., Manzanet-Daniels, Feinman, Kapnick and Gesmer, JJ.