*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: February 9, 2017                    107542
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

ALBERT W. WOODS,
                        Appellant.
_____

Calendar Date:  January 18, 2017

Before:  McCarthy, J.P., Garry, Lynch, Devine and Mulvey, JJ.

_____

        Jacob Vredenburgh, Albany, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Tracey A.
Brunecz of counsel), for respondent.

_____

Mulvey, J.

        Appeal from a judgment of the County Court of Schenectady
County (Loyola, J.), rendered January 28, 2015, convicting
defendant upon his plea of guilty of the crime of assault in the
second degree.

        In satisfaction of a 13-count indictment, defendant pleaded
guilty to assault in the second degree pursuant to a plea
agreement that included a waiver of appeal.  Consistent with that
agreement, defendant was sentenced to a prison term of three
years with five years of postrelease supervision.  Defendant now
appeals.

        We affirm.  Initially, we agree with defendant that his
waiver of appeal was not knowing, voluntary or intelligent (see

People v Lopez, 6 NY3d 248, 256 [2006]). County Court (Giardino, J.) did not elicit an oral waiver or discuss on the record the meaning or consequences of the waiver or its separate and distinct nature (see id.). The written waiver of appeal signed during the plea allocution is likewise deficient, as the court failed to ascertain if defendant had read it, was aware of its contents or had discussed it with his attorney (see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Larock, 139 AD3d 1241, 1242 [2016], lv denied 28 NY3d 932 [2016]).

However, defendant's challenge to the voluntariness and factual sufficiency of his guilty plea is unpreserved for our review in the absence of an appropriate postallocution motion raising this claim, and the record does not reflect that he made any statements during the colloquy that triggered the narrow exception to the preservation requirement (see CPL 220.60 [3]; People v Williams, 27 NY3d 212, 219 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]; People v Larock, 139 AD3d at 1242; People v Velazquez, 125 AD3d 1063, 1064 [2015], lv denied 25 NY3d 993 [2015]). Were the issue properly before us, we would find that the plea was knowing, voluntary and intelligent (see People v Conceicao, 26 NY3d 375, 382 [2015]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]). Contrary to defendant's claim, his statement during the colloquy that he was taking anxiety medicine that "calms" him does not support the conclusion that he was taking medication that "clouded his judgment so as to render him incapable of voluntarily entering a guilty plea" (People v Duffy, 126 AD3d 1142, 1142 [2015]; compare People v Hennessey, 111 AD3d 1166, 1167 [2013]). Further, "an allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime," and the record reflects that defendant understood the charge and "made an intelligent decision to enter a plea" (People v Goldstein, 12 NY3d 295, 301 [2009]; see People v MacDonald, 113 AD3d 968, 968 [2014]).

Finally, defendant's contention that County Court (Loyola, J.) improperly sentenced him as a second felony offender and failed to comply with the provisions of CPL 400.21 is unpreserved for our review, as he did not object at sentencing despite the opportunity to do so (see People v Lowell, 126 AD3d 1235 [2015],

lv denied 25 NY3d 1167 [2015]; People v Morse, 111 AD3d 1161, 1161-1162 [2013], lv denied 23 NY3d 1040 [2014]).  Given that defendant was advised during the plea allocution that he would be sentenced as a second felony offender and admitted the predicate conviction, corrective action in the interest of justice is not warranted (see People v Lowell, 126 AD3d at 1235).

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court