Appeal from a judgment of the County Court of Otsego County (Lambert, J.), rendered February 24, 2014, convicting defendant upon his plea of guilty of the crime of rape in the third degree (three counts).
Defendant waived indictment and pleaded guilty to three counts of rape in the third degree as charged in a superior court information. As part of the plea allocution, defendant admitted that he subjected a female relative to sexual intercourse on three occasions when she was under the age of 17. Consistent with the plea agreement, which included a waiver of appeal and satisfied other charged conduct against the victim, County Court imposed an aggregate prison sentence of 10 years with 10 years of postrelease supervision. Defendant now appeals.
A review of the proceedings discloses that the requirements for a valid waiver of the right to appeal were not met here (see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Slamp, 145 AD3d 1320, 1321 [2016]; People v Darrell, 145 AD3d 1316, 1317 [2016]). Further, while defendant signed a written waiver in court, the record does not reflect that he read it, discussed it with counsel or understood it, and it is not in the record on appeal (see People v *1418 Larock, 139 AD3d 1241, 1242 [2016], lv denied 28 NY3d 932 [2016]). Accordingly, as the record does not establish that defendant appreciated the consequences of the appeal waiver, it is invalid and he is not precluded from challenging the severity of his sentence (see People v Elmer, 19 NY3d 501, 510 [2012]; People v Woods, 147 AD3d 1156, 1156 [2017]).
Nonetheless, we are not persuaded by defendant’s sole argument that the agreed-upon sentence is harsh or excessive. In imposing the maximum sentence on two of the rapes and a lesser sentence on the third rape, all to be served consecutively (see Penal Law §§ 70.25 [2]; 70.80 [4] [a] [iv]), County Court considered appropriate sentencing factors, including defendant’s acceptance of responsibility and limited criminal history, and that the plea satisfied other charges related to his abuse of the victim. In view of the devastating and deplorable nature of defendant’s crimes and his protracted exploitation of a position of trust, we cannot conclude that the court abused its discretion or that extraordinary circumstances are present to warrant a reduction of the sentence in the interest of justice (see CPL 470.15 [3] [c]; [6] [b]).
Peters, P.J., Rose, Devine, Clark and Aarons, JJ., concur.
Ordered that the judgment is affirmed.