■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CODY L. BARNES, Appellant. [51 NYS3d 438]—

Peters, P.J. Appeal from a judgment of the County Court of Otsego County (Lambert, J.), rendered October 9, 2014, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In June 2014, defendant was charged in an indictment with two counts of criminal sale of a controlled substance in the third degree. Following his arraignment on that indictment, defendant was charged in another indictment with criminal possession of a controlled substance in the third degree. Pursuant to a negotiated plea agreement, and in full satisfaction of both indictments, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree and executed a written waiver of appeal in open court. Consistent with the terms of the plea agreement, County Court imposed upon defendant, as a second felony offender, a prison sentence of five years to be followed by two years of postrelease supervision. Defendant now appeals, contending that his appeal waiver is invalid and that his agreed-upon sentence is harsh and excessive.

Initially, we are unable to conclude that defendant's waiver of the right to appeal was knowingly, intelligently and voluntarily made inasmuch as County Court failed to explain to defendant the import of the appeal waiver or that his waiver of the right to appeal was separate and distinct from the rights automatically forfeited upon a plea of guilty (*see People v Lemon*, 137 AD3d 1422, 1423 [2016], *lv denied* 27 NY3d 1135 [2016]; *People v Williams*, 132 AD3d 1155, 1155 [2015], *lv denied* 27 NY3d 1157 [2016]; *People v Rabideau*, 130 AD3d 1094, 1094-1095 [2015]). Further, "[t]he written waiver [of appeal] also failed to explain the separate and distinct nature of the right being waived" (*People v Bouton*, 107 AD3d 1035, 1036 [2013], *lv denied* 21 NY3d 1072 [2013]). As County Court never adequately discussed the waiver of appeal with defendant, the appeal waiver is invalid and defendant is not precluded from challenging the severity of the sentence (*see People v Lopez*, 6

NY3d 248, 257 [2006]; *People v Bates*, 146 AD3d 1075, 1076 [2017]; *People v Larock*, 139 AD3d 1241, 1242-1243 [2016], *lv denied* 28 NY3d 932 [2016]; *People v Zabawczuk*, 128 AD3d 1267, 1269 [2015], *lv denied* 26 NY3d 937 [2015]). In so concluding, we flatly reject the unsupportable position taken by the People that "[i]f [defendant's] plea was voluntary and knowing, then his waiver of appeal as part of that plea was also."

Turning to defendant's challenge to his sentence as harsh and excessive, given defendant's extensive criminal record and his agreement to the sentence as part of the negotiated plea agreement in satisfaction of two indictments, we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Bates*, 146 AD3d at 1076; *People v Day*, 133 AD3d 920, 920 [2015]; *People v Rabideau*, 130 AD3d at 1095).

Garry, Devine, Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed.