People v Bailey (2018 NY Slip Op 01097)





People v Bailey


2018 NY Slip Op 01097


Decided on February 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2018

108018

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
LARRY A. BAILEY, Appellant.

Calendar Date: January 16, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Michael P. Graven, Owego, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered February 11, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with criminal possession of a weapon in the third degree. The charge stemmed from an incident wherein defendant was "jumped" by a group of individuals who stole his bicycle and backpack. Defendant admittedly refused to cooperate with law enforcement officials who responded to the scene and, after initially going home, defendant returned to the scene to attempt to retrieve some of his property; upon doing so, defendant stabbed one of his
assailants with a knife. After being apprised of the rights that he would be forfeiting by accepting the People's plea offer, defendant pleaded guilty to criminal possession of a weapon in the third degree — in full satisfaction of the superior court information, two pending misdemeanor charges and any other potential charges arising from this incident — in exchange for the contemplated prison sentence of 3 to 6 years. County Court thereafter sentenced defendant as a second felony offender to the agreed-upon prison term, prompting this appeal.
We affirm. Defendant's challenges to the factual sufficiency and the voluntariness of his plea — the latter of which is premised upon County Court's failure to inquire as to a potential intoxication or justification defense — are unpreserved for our review as the record does not indicate that defendant made an appropriate postallocution motion (see People v Leflore, 154 [*2]AD3d 1164, 1165 [2017]; People v Woods, 147 AD3d 1156, 1156-1157 [2017], lv denied 29 NY3d 1089 [2017]; People v Hankerson, 147 AD3d 1153, 1153 [2017], lv denied 29 NY3d 998 [2017]; People v Shipps, 136 AD3d 1113, 1113 [2016]). Contrary to defendant's assertion, he did not make any statements during the course of the plea colloquy that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea; hence, the narrow exception to the preservation requirement was not triggered (see People v Fay, 154 AD3d 1178, 1181 [2017]; People v Millard, 147 AD3d 1155, 1156 [2017], lv denied 29 NY3d 999 [2017]). Notably, nothing on the face of the plea colloquy suggested that a viable defense to the charged crime might be implicated (see People v Wright, 154 AD3d 1015, 1016 [2017], lv denied 30 NY3d 1065 [2017]; People v Hopper, 153 AD3d 1045, 1046-1047 [2017], lv denied 30 NY3d 1061 [2017]). Defendant's claim that he was intoxicated at the time of the incident and could not recall what had transpired was articulated for the first time during his presentence interview with the Probation Department, and County Court was under no obligation to conduct any further inquiry in response to this belated, postplea assertion (see People v Hopper, 153 AD3d at 1047; People v Brimmage, 143 AD3d 624, 625 [2016], lv denied 28 NY3d 1143 [2017]; People v Pastor, 136 AD3d 493, 493 [2016], affd 28 NY3d 1089 [2016]; People v Terrell, 134 AD3d 651, 652 [2015], lv denied 27 NY3d 1075 [2016]; People v Bryan, 129 AD3d 524, 524 [2015], lv denied 26 NY3d 965 [2015]). In any event, defendant's argument on this point is belied by his detailed plea allocution, wherein he recited the specific events leading up to and culminating in the underlying crime. We find no extraordinary circumstances or abuse of discretion that would warrant a modification of the sentence in the interest of justice (see People v Barnes, 150 AD3d 1338, 1339 [2017]; People v Leone, 105 AD3d 1249, 1250 [2013], lv denied 21 NY3d 1017 [2013]).
Lynch, Devine, Clark and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.