People v Levielle (2018 NY Slip Op 03568)





People v Levielle


2018 NY Slip Op 03568


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

108720

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MARK LEVIELLE, Appellant.

Calendar Date: April 3, 2018

Before: Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Thomas F. Garner, Middleburgh, for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Loyola, J.), rendered June 10, 2016, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
Following an investigation, defendant was charged in a two-count indictment with burglary in the third degree and grand larceny in the third degree. Pursuant to a plea agreement, defendant pleaded guilty to burglary in the third degree in full satisfaction of the charges and also executed a waiver of the right to appeal. Consistent with the terms of the plea agreement, County Court sentenced him, as a second felony offender, to a prison term of 3 to 6 years. Defendant now appeals, and we affirm.
Initially, we agree with defendant that he did not validly waive the right to appeal. County Court failed to explain to defendant "that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Meddaugh, 150 AD3d 1545, 1546 [2017]). Although the plea colloquy reflects that defendant purportedly executed a written waiver of appeal and "file[d the waiver] with the clerk of the [c]ourt," "the record does not reflect that he read it, discussed it with counsel or understood it, and it is not in the record on appeal" (People v Wright, 149 AD3d 1417, 1418 [2017]; see People v Larock, 139 AD3d 1241, 1242 [2016], lv denied 28 NY3d 932 [2016]). Accordingly, inasmuch as the record does not establish that defendant appreciated the consequences of the appeal waiver, it is invalid, and he is not precluded from challenging the severity of his sentence (see People v Lopez, 6 NY3d at 257; People v Barnes, 150 AD3d 1338, [*2]1338 [2017]).
Nevertheless, defendant's claim that his agreed-upon sentence is harsh and excessive is unavailing. Given defendant's extensive criminal record and his agreement to the sentence as part of the negotiated plea agreement in full satisfaction of the indictment, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Torres, 81 AD3d 995, 995 [2011]; People v Johnson, 12 AD3d 941, 941 [2004]; People v Rose, 189 AD2d 924, 924 [1993]).
Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.