People v Morehouse (2018 NY Slip Op 06296)





People v Morehouse


2018 NY Slip Op 06296


Decided on September 27, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 27, 2018

108888

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
BRUCE MOREHOUSE, Appellant.

Calendar Date: August 6, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Mulvey, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered June 27, 2016, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fourth degree.
In satisfaction of a four-count indictment, defendant agreed to plead guilty to one count of criminal sale of a controlled substance in the fourth degree with the understanding that he would be sentenced to a prison term of 4½ years followed by two years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Following defendant's allocution, County Court imposed the agreed-upon sentence, prompting this appeal.
As to the validity of defendant's appeal waiver, when asked by County Court if he was willing to waive his right to appeal, defendant replied, "I guess so," and the brief inquiry that ensued failed to elicit defendant's assurances that he understood the nature of the waiver, fully appreciated its consequences and unequivocally agreed to it. Under these circumstances, defendant's waiver of the right to appeal was not valid (see People v Dumas, 155 AD3d 1256, 1256 [2017]; People v Bates, 146 AD3d 1075, 1075-1076 [2017]).
Although defendant's challenge to the sentence imposed is not precluded, he received both a favorable plea deal (see e.g. People v Ruise, 131 AD3d 1328, 1328 [2015]) and the promised term of imprisonment (see e.g. People v Patterson, 119 AD3d 1157, 1158-1159 [2014], lvs denied 24 NY3d 1042, 1046 [2014]), which was within the permissible statutory range for a class C drug felony (see Penal Law § 70.70 [2] [a] [ii]). Further, upon our review of the record, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see generally People v Gonzalez, 162 AD3d 1403, 1404 [2018]). Contrary to defendant's assertion, he was not penalized due to — and the negotiated sentence was not based upon — the misapprehension that he was a second felony offender.
McCarthy, J.P., Egan Jr., Devine, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.