People v Hatch (2018 NY Slip Op 06595)





People v Hatch


2018 NY Slip Op 06595


Decided on October 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 4, 2018

108696

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Appellant,
v
LYNN E. HATCH, Respondent.

Calendar Date: September 4, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and

 Pritzker, JJ.

John A. Cirando, Syracuse, for appellant.
William G. Gabor, District Attorney, Wampsville (Elizabeth S. Healy of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Madison County (O'Sullivan, J.), rendered August 1, 2016, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the second degree (two counts).
Defendant was indicted and charged with two counts of criminal sexual act in the second degree. The charges stemmed from two instances of inappropriate sexual contact — one in October 2015 and the other in December 2015 — between defendant and a 19-year-old developmentally disabled man. Defendant ultimately pleaded guilty to the entire indictment with the understanding that there would be no sentencing commitment. County Court thereafter sentenced defendant to prison terms of 3½ years for each conviction followed by a period of postrelease supervision, the sentences to run consecutively. This appeal by defendant ensued.
We affirm. Defendant's challenge to the voluntariness and factual sufficiency of his guilty plea is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Muller, 159 AD3d 1232, 1232 [2018]; People v Bailey, 158 AD3d 948, 948 [2018]; People v Hankerson, 147 AD3d 1153, 1153 [2017], lv denied 29 NY3d 998 [2017]). Further, "inasmuch as defendant did not make any statements during the course of the plea colloquy that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement is inapplicable" (People v White, 156 AD3d 1249, 1250 [2017], lv denied 31 NY3d 988 [2018]; see People v Larock, 139 AD3d 1241, 1242 [2016], lv denied 28 NY3d 932 [2016]; People v Cruz, 104 AD3d 1022, 1023 [2013]). Finally, a review of the sentencing minutes confirms that County Court took into consideration the nature of the crime and other relevant sentencing factors, including defendant's prior criminal history and professed remorse, and we find no extraordinary circumstances or abuse of discretion [*2]warranting a reduction of the sentence imposed in the interest of justice (see People v Tetreault, 131 AD3d 1327, 1328 [2015]; People v Harden, 6 AD3d 987, 987-988 [2004]).
McCarthy, J.P., Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.