People v Peralta (2019 NY Slip Op 02723)





People v Peralta


2019 NY Slip Op 02723


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-01685

[*1]The People of the State of New York, respondent,
v
Segundo Peralta, appellant. (S.C.I. No. 1888/16)


N. Scott Banks, Hempstead, NY (Tammy Feman and Argun M. Ulgen of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Cristin N. Connell of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Erica L. Prager, J., at plea; Robert G. Bogle, J., at sentence), rendered January 23, 2017, convicting him of aggravated unlicensed operation of a motor vehicle in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his plea was not knowing, voluntary, and intelligent. However, the defendant failed to preserve this contention for appellate review, since he did not move to vacate his plea or otherwise raise this issue before the County Court (see CPL 470.05[2]; People v Kovalsky, 166 AD3d 900; People v Miller, 166 AD3d 812; People v Ramos, 164 AD3d 922, 922; People v Bridgers, 159 AD3d 715, 715). Contrary to the defendant's contention, the exception to the preservation requirement does not apply here because the defendant's allocution did not "cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea" (People v Ramos, 164 AD3d at 922-923; see People v Davis, 24 NY3d 1012, 1013; People v Lopez, 71 NY2d 662, 666; People v Stone, 91 AD3d 977, 977).
In any event, the defendant's contention that his plea was not knowing, voluntary, and intelligent is without merit. Contrary to the defendant's contention, the Court of Appeals has "never held that a plea is effective only if a defendant acknowledges committing every element of the pleaded-to offense . . . or provides a factual exposition for each element of the pleaded-to offense" (People v Seeber, 4 NY3d 780, 781 [citation omitted]; see People v Goldstein, 12 NY3d 295, 301; People v Ramos, 164 AD3d at 923). The Court of Appeals has stated that "no catechism is required in connection with the acceptance of a plea" (People v Goldstein, 12 NY3d at 301; see People v Seeber, 4 NY3d at 781), and has "refused to disturb pleas by canny defendants even when there has been absolutely no elicitation of the underlying facts of the crime" (People v Goldstein, 12 NY3d at 301, citing People v Fooks, 21 NY2d 338, 350; see People v Ramos, 164 AD3d at 923). Rather, "[i]t is enough that the allocution shows that the defendant understood the charges and made an intelligent decision to enter a plea" (People v Goldstein, 12 NY3d at 301; see People v Ramos, 164 AD3d at 923). Here, the record of the plea proceeding demonstrates that the defendant understood [*2]the charges and intelligently decided to enter the plea of guilty (see People v Goldstein, 12 NY3d at 301; People v Ramos, 164 AD3d at 923; People v Woods, 147 AD3d 1156, 1157; People v Nichols, 77 AD3d 1339, 1340).
The defendant's remaining contention is without merit (see People v Cortez, 115 AD3d 757, 758; People v Bicet, 180 AD2d 692, 693).
Accordingly, since the record of the plea proceeding demonstrates that the defendant "understood the charges and made an intelligent decision to enter a plea" (People v Goldstein, 12 NY3d at 301; see People v Woods, 147 AD3d at 1157; People v Nichols, 77 AD3d at 1340), we affirm the judgment of conviction.
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court