People v Ross (2019 NY Slip Op 04205)





People v Ross


2019 NY Slip Op 04205


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-11024

[*1]The People of the State of New York, respondent,
v
Christopher Ross, appellant. (S.C.I. No. 16-01231)


Marianne Karas, Thornwood, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Larry J. Schwartz, J.), rendered August 23, 2017, convicting him of attempted criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his purported waiver of the right to appeal was invalid and that his plea of guilty was not knowingly, voluntarily, and intelligently entered. As the defendant's challenge to the voluntariness of his plea survives even a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Innocent, 132 AD3d 696, 696), we need not determine whether the defendant's waiver of the right to appeal was invalid (see People v Bernard, 155 AD3d 1059; People v Ward, 140 AD3d 903, 904; People v Harvey, 137 AD3d 1162, 1163). The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, since he did not move to vacate his plea or otherwise raise the issue in the County Court, and the exception to the preservation rule does not apply (see CPL 470.05; People v Toxey, 86 NY2d 725, 726; People v Lopez, 71 NY2d 662, 666; People v Peralta, ___ AD3d ___, 2019 NY Slip Op 02723 [2d Dept 2019]). In any event, the record demonstrates that the defendant's plea was knowingly, voluntarily, and intelligently entered (see People v Fiumefreddo, 82 NY2d 536, 543; People v Ribeiro, ___ AD3d ___, 2019 NY Slip Op 03083 [2d Dept 2019]).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court