People v King
2026 NY Slip Op 03890
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Sharif King, Defendant-Appellant.

Decided and Entered: June 18, 2026
Ind No. 2902/18|Appeal No. 6905|Case No. 2021-00344|
Before: Manzanet-Daniels, J.P., Mendez, Shulman, Higgitt, Hagler, JJ.

Twyla Carter, The Legal Aid Society, New York (Elizabeth Batkin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Mallory Phelps of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Kate Paek, J.), rendered December 21, 2020, convicting defendant, upon his plea of guilty, of attempted assault in the second degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, to run concurrently with the sentences he was serving, unanimously affirmed.
Defendant's challenge to the voluntariness of his plea does not fall within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665-666 [1988]), and we decline to review his unpreserved claim in the interest of justice. As an alternative holding, we reject it on the merits. Defendant's plea allocution establishes the voluntariness of his plea, and "statements made at sentencing challenging the factual basis of a plea do not trigger the duty to inquire" (People v Rios, — NY3d —, 2026 NY Slip Op 00963, *3 [2026]). Since defendant neither denied his guilt during the allocution nor moved to withdraw the plea, the court had no obligation to conduct a sua sponte inquiry into defendant's post-plea assertion of a potential defense reflected in the presentence report (see e.g. People v Simmons, 146 AD3d 560, 560 [1st Dept 2017], lv denied 29 NY3d 952 [2017]; People v Brimmage, 143 AD3d 624, 625 [1st Dept 2016, lv denied 28 NY3d 1143 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026