Peters, P. J.
Appeals from a judgment of the County Court of Broome County (Cawley, J.), rendered December 12, 2012, which resentenced defendant following his conviction upon his plea of guilty of the crimes of grand larceny in the fourth degree and burglary in the third degree.
Pursuant to a negotiated agreement, defendant entered a guilty plea to grand larceny in the fourth degree as charged in an indictment and also waived indictment and entered a guilty plea to burglary in the third degree as charged in a superior court information. The agreement called for concurrent prison terms of 2 to 4 years and 2V2 to 5 years, respectively, contingent upon defendant abiding certain conditions, including not being arrested. After defendant was arrested while awaiting sentencing, County Court imposed an enhanced prison sentence, as later corrected, of 2 to 4 years on the grand larceny charge and 3 to 6 years on the burglary charge, to be served concurrently, as an admitted second felony offender.[1] Defendant moved pursuant to CPL 440.10 to vacate the judgment, premised upon *1278 his asserted inability to gain access to certain programs while incarcerated due to outstanding charges in town court. County Court denied the motion, finding that the plea had not been conditioned on any promised prison programming.[2] Defendant now appeals solely from the judgment of conviction.[3]
Defendant argues that his trial counsel was ineffective in failing to obtain dismissal of a pending open charge that was satisfied by this plea agreement, which rendered him ineligible for certain prison programs. Defendant did not preserve this argument by making a postallocution motion to withdraw his guilty plea (see People v Kerwin, 117 AD3d 1097, 1097-1098 [2014]). Furthermore, although his CPL article 440 motion was discussed at the resentencing, defendant did not argue that counsel had been ineffective on this or any ground, and he expressly declined to withdraw his guilty plea, thereby failing to preserve this claim (see People v Toye, 107 AD3d 1149, 1151 n 1 [2013], lv denied 22 NY3d 1091 [2014]). In any event, the record on the direct appeal does not establish any of defendant’s allegations, including that he was denied admission to prison programs, that he otherwise would have been eligible for them had the pending charges been dismissed, or that counsel did not make efforts to obtain dismissal thereof. Upon review of the record, we find that counsel negotiated a favorable plea agreement and “nothing in the record casts doubt on the apparent effectiveness of counsel” (People v Ramey, 123 AD3d 1290, 1290-1291 [2014], lv denied 25 NY3d 953 [2015] [internal quotation marks and citations omitted]). To the extent that the allegations concern matters outside the record on direct appeal, they were properly raised in a CPL article 440 motion to vacate the judgment (see People v Patrick, 125 AD3d 1053, 1053 [2015], lv denied 25 NY3d 991 [Apr. 27, 2015]), which is not currently before this Court.
We are not persuaded that defendant’s enhanced sentence was harsh and excessive. To the extent that defendant argues that County Court improvidently enhanced his sentence, the record reflects that he was advised at the time of the plea of the consequences of violating the no-arrest condition and expressly waived any challenge to or hearing regarding the enhancement of the sentence, in exchange for an additional *1279 promise that his plea would also satisfy other pending charges (see People v Outley, 80 NY2d 702, 713 [1993]). Given defendant’s significant criminal history, that the convictions stem from criminal conduct occurring on multiple occasions against different victims, and that the sentence imposed was less than the statutory maximum (see Penal Law § 70.06 [3] [d]; [4] [b]), we find no extraordinary circumstances justifying a reduction of the sentence in the interest of justice (see People v Paneto, 112 AD3d 1230, 1231 [2013], lv denied 23 NY3d 1023 [2014]).
Lahtinen, McCarthy and Rose, JJ., concur. Ordered that the judgment is affirmed.

. The resentencing was necessitated by the failure to file a second felony offender statement prior to the initial sentencing.

. While defendant’s motion pursuant to CPL article 440 was filed after the initial sentencing but before the resentencing, County Court’s decision on that motion was filed on the same date as resentencing.

. No application was made to this Court for permission to appeal from the denial of defendant’s CPL 440.10 motion (see CPL 460.15) and, accordingly, the order denying that motion is not properly before us.