*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016          106662
                                             106663
                                             106664
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

SCOTT W. BICKFORD,
                    Appellant.
_____

Calendar Date:  May 25, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.

_____

        Susan Patnode, Rural Law Center of New York, Castleton
(George J. Hoffman Jr. of counsel), for appellant.

        Craig P. Carriero, District Attorney, Malone (Jennifer M.
Hollis of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered February 11, 2014, convicting
defendant upon his plea of guilty of the crimes of criminal sale
of a firearm in the third degree, falsely reporting an incident
in the second degree and grand larceny in the third degree.

        Defendant waived indictment and pleaded guilty to criminal
sale of a firearm in the third degree, falsely reporting an
incident in the second degree and grand larceny in the third
degree as charged in three superior court informations.  In
connection therewith, he orally waived his right to appeal and

executed three written appeal waivers.  Under the terms of the plea agreement, defendant was required to participate in the judicial diversion program (hereinafter the JDP) under which he was to submit to substance abuse treatment during a period of interim probation and, upon successful completion, would be sentenced to concurrent five-year periods of probation.  In the event, however, that defendant did not successfully complete the JDP, he would be sentenced to a term of imprisonment, which could be as much as an aggregate maximum of 18 years, to be followed by 10 years of postrelease supervision.

Defendant experienced many difficulties complying with conditions governing the JDP and eventually a petition was filed seeking to terminate his participation based on numerous violations.  Defendant admitted to these violations and, in return, County Court agreed to sentence him as a second felony offender on the underlying convictions to an aggregate prison term of eight years, to be followed by 10 years of postrelease supervision.  Defendant was to be remanded to jail pending sentencing and County Court admonished him that his failure to comply with the rules of the jail would relieve it of its obligation to impose the promised sentence.  While in jail awaiting sentencing, defendant engaged in a verbal altercation with another inmate and physically threatened him, necessitating the intervention of staff.  As a result of this incident, County Court sentenced defendant to an aggregate prison term of nine years, to be followed by 10 years of postrelease supervision. Defendant now appeals.

Defendant's sole challenge is to the severity of the sentence.  Initially, we note that this challenge is not precluded by defendant's waiver of the right to appeal as it does not appear from the record that he was advised of the separate and distinct nature of this right (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Lemon, 137 AD3d 1422, 1423 [2016]; People v Gilbert, 106 AD3d 1133, 1133 [2013]).  Absent a valid waiver, we address the merits of defendant's claim, but find it to be unavailing.  Defendant has a lengthy criminal record and continually violated conditions governing the JDP while he was a

participant.  In addition, he violated the jail rules by engaging in an altercation with another inmate fully knowing that this could result in a greater sentence.  Furthermore, the sentence imposed was within the sentencing parameters agreed to by defendant under the terms of the plea agreement and was significantly less than his maximum exposure.  In view of the foregoing, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v March, 122 AD3d 1001, 1002 [2014]; People v Terry, 122 AD3d 955, 956 [2014]).

McCarthy, Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court