# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: September 29, 2016          107154
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                   Respondent,

     v                             MEMORANDUM AND ORDER

GEOREL LLOYD,
                   Appellant.
_____

Calendar Date: September 8, 2016

Before: Garry, J.P., Egan Jr., Lynch, Rose and Aarons, JJ.

_____

     Aaron A. Louridas, Delmar, for appellant.

     Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

_____

Aarons, J.

     Appeal from a judgment of the Supreme Court (Coccoma, J.), rendered May 15, 2012 in Schenectady County, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

     Defendant pleaded guilty to murder in the second degree after he fatally shot a young man. As part of the plea agreement, he waived his right to appeal both orally and in writing. He was subsequently sentenced, in accordance with the terms of the plea agreement, to 20 years to life in prison. Defendant now appeals.

     Initially, we find that defendant's waiver of the right to appeal was invalid inasmuch as he was not advised that this right

was separate and distinct from the other rights that he was forfeiting by pleading guilty (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Gonzalez, 138 AD3d 1353, 1354 [2016]; People v Lemon, 137 AD3d 1422, 1423 [2016], lv denied 27 NY3d 1135 [2016]). Although his appeal waiver, even if valid, would not preclude his challenge to the voluntariness of his guilty plea, this challenge has not been preserved for our review as the record does not disclose that he made an appropriate postallocution motion (see People v Larock, 139 AD3d 1241, 1242 [2016], lv denied ___ NY3d ___ [Aug. 10, 2016]; People v Daniels, 139 AD3d 1256, 1256 [2016]). Notably, the exception to the preservation requirement is inapplicable here as defendant did not make any statements during the plea proceedings that cast doubt upon his guilt (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Goldman, 139 AD3d 1111, 1112 [2016]; People v Smith, 123 AD3d 1375, 1376 [2014], lv denied 26 NY3d 935 [2015]). Defendant's further contention that he was denied the effective assistance of counsel is, to the extent that it impacts the voluntariness of his plea, similarly unpreserved in the absence of an appropriate postallocution motion (see People v Perkins, 140 AD3d 1401, 1402-1403 [2016]; People v Beverly, 137 AD3d 1421, 1422 [2016], lv denied 27 NY3d 1128 [2016]). Finally, contrary to defendant's claim, we do not find that the sentence is harsh or excessive. Notwithstanding defendant's young age, difficult childhood and lack of criminal record, the crime was both violent and senseless in nature, and the sentence, which was less than the statutorily authorized maximum (see Penal Law § 70.00 [2] [a]; [3] [a] [i]), was agreed to by defendant as part of the plea agreement. Thus, we find no extraordinary circumstances or any abuse of discretion warranting a modification of the sentence in the interest of justice (see People v Benson, 119 AD3d 1145, 1148-1149 [2014], lv denied 24 NY3d 1118 [2015]).

Garry, J.P., Egan Jr., Lynch and Rose, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court