*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   December 22, 2016                    106469
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

BENJAMIN A. SLAMP,
                        Appellant.
_____

Calendar Date:   November 17, 2016

Before:   Peters, P.J., Garry, Devine, Mulvey and Aarons, JJ.

_____

        Norbert A. Higgins, Binghamton, for appellant.

        Mark D. Suben, District Attorney, Cortland (Zela E.
Brotherton of counsel), for respondent.

_____

Mulvey, J.

        Appeal from a judgment of the County Court of Cortland
County (Ames, J.), rendered August 13, 2013, convicting defendant
upon his plea of guilty of the crimes of unlawful manufacture of
methamphetamine in the third degree and criminal sale of a
controlled substance in the fifth degree.

        Defendant pleaded guilty to unlawful manufacture of
methamphetamine in the third degree and criminal sale of a
controlled substance in the fifth degree in full satisfaction of
a six-count indictment, and his plea included the waiver of the
right to appeal.  Pursuant to the plea agreement, defendant was
to be sentenced to an aggregate prison term of four years, to be
followed by two years of postrelease supervision.  Sentencing was
adjourned and defendant was released to get his affairs in order,

with the requirement that he was to report to jail one week later.  Defendant failed to report to jail and a warrant was issued for his arrest.  Defendant was subsequently arrested on a new charge of criminal contempt in the second degree.  Defendant thereafter agreed to be sentenced to an aggregate prison term of five years, with two years of postrelease supervision, on his plea of guilty to unlawful manufacture of methamphetamine in the third degree and criminal sale of a controlled substance in the fifth degree, with the understanding that the enhanced sentence would satisfy the criminal contempt charge, as well as any other pending charges.  The agreement also included a waiver of the right to appeal.  County Court imposed the agreed-upon sentence and defendant appeals.

We affirm.  Initially, we agree with defendant that his waiver of the right to appeal was invalid, inasmuch as the record does not demonstrate that defendant understood that the appeal waiver was separate and distinct from the rights automatically forfeited by a guilty plea (see People v Bradshaw, 18 NY3d 257, 263-264 [2011]; People v Lopez 6 NY3d 248, 256 [2006]).  Although defendant's sole remaining claim — that his sentence was harsh and excessive — is properly before us, we find it unpersuasive.  Defendant was advised at the time that he entered his plea of the consequences of being arrested while on release, and he waived any challenges regarding the enhanced sentence in exchange for the promise that his plea would satisfy both the new charge and any pending charges (see People v Outley, 80 NY2d 702, 713 [1993]; People v Lord, 128 AD3d 1277, 1278-1279 [2015]).  In light of the foregoing, as well as defendant's extensive criminal history, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence (see People v Kerwin, 117 AD3d 1097, 1098 [2014]; People v Williams, 101 AD3d 1174, 1174-1175 [2012]).

Peters, P.J., Garry, Devine and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court