Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered: January 19, 2017            106630
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,

        v                                   MEMORANDUM AND ORDER

ROCKNE COX,
                         Appellant.
_____

Calendar Date:  December 13, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

                    _____

        Elena Jaffe Tastensen, Saratoga Springs, for appellant.

        Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.

                    _____

Aarons, J.

        Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered January 27, 2014, convicting defendant upon his plea of guilty of the crimes of criminal sale of a firearm in the third degree and aggravated unlicensed operation of a motor vehicle in the first degree.

        In satisfaction of two separate indictments, defendant pleaded guilty to aggravated unlicensed operation of a motor vehicle in the first degree and criminal sale of a firearm in the third degree.  He orally waived his right to appeal when entering his guilty plea.  He was thereafter sentenced, in accordance with the terms of the plea agreement, to concurrent prison terms of 1 to 3 years on the unlicensed operation conviction and four years on the criminal sale conviction, the latter of which included a

three-year period of postrelease supervision.  Defendant now appeals.

We affirm.  Although not precluded by his waiver of the right to appeal, defendant's challenge to the voluntariness of his plea is unpreserved as the record does not reflect that he made an appropriate postallocution motion (see People v Lloyd, 142 AD3d 1250, 1251 [2016], lv denied 28 NY3d 1073 [2016]; People v Macon, 142 AD3d 739 [2016], lvs denied 28 NY3d 1073, 1075 [2016]).  Moreover, the narrow exception to the preservation rule is inapplicable as there is no indication that defendant made any statements during the plea proceedings that cast doubt upon his guilt or called into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Maldonado, 140 AD3d 1530 [2016], lv denied 28 NY3d 1029 [2016]).  Likewise, defendant's claim of ineffective assistance of counsel is, to the extent that it impacts the voluntariness of his plea, unpreserved given the absence of a postallocution motion (see People v Lloyd, 142 AD3d at 1250; People v Macon, 142 AD3d at 739).

Defendant's claim that the sentence is harsh and excessive is not precluded by his waiver of the right to appeal inasmuch as we find that the waiver is invalid due to County Court's failure to explain that this right was separate and distinct from the other rights that defendant was forfeiting by pleading guilty (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Lloyd, 142 AD3d at 1250).  We, nevertheless, find this claim to be unavailing.  Defendant has a lengthy criminal record dating back to 2001 and, during such time, has exhibited a pattern of dangerous and irresponsible behavior.  In addition, the sentence imposed fell within the sentencing parameters to which defendant consented as part of the plea agreement and was actually a year less than the court could have imposed.  Accordingly, we find no abuse of discretion or any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Bickford, 140 AD3d 1523, 1525 [2016]).

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court