■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARLEY MEDDAUGH, Appellant. [55 NYS3d 777]—

Aarons, J. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered April 25, 2014, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In December 2013, while on parole release, defendant was arrested and charged in an 11-count indictment with criminal sale of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the third degree (four counts) and conspiracy in the fourth degree (three counts). In March 2014, defendant, pursuant to a negotiated plea agreement that required her to, among other things, execute a waiver of appeal, pleaded guilty to criminal sale of a controlled substance in the third degree. Consistent with the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of seven years, to be followed by two years of postrelease supervision. Defendant now appeals.*

We affirm. Initially, while the negotiated plea agreement required defendant to execute a waiver of appeal, our review of the record reveals that County Court failed to explain the significance of an appeal waiver or convey that it is "separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Sanders*, 25 NY3d 337, 340-341 [2015]; *People v Bates*, 146 AD3d 1075, 1075 [2017]; *People v Lloyd*, 142 AD3d 1250, 1250 [2016], *lv denied* 28 NY3d 1073 [2016]). Although defendant acknowledged that she understood that the plea agreement required her to execute a waiver of appeal whereby she would waive certain appellate rights, the record neither contains a written waiver of appeal signed by defendant nor reflects that any inquiry was made as to whether she had read such a waiver and understood it (*see People v Lemon*, 137 AD3d 1422, 1423 [2016], *lv denied* 27 NY3d 1135 [2016]; *People v Rabideau*, 130 AD3d 1094, 1095 [2015]). Under these circumstances, we conclude that the waiver of appeal was invalid and does not preclude defendant's claim of ineffective assistance of counsel or her challenge to the severity of the sentence imposed.

---

* Premised upon the alleged ineffective assistance of counsel, defendant moved to vacate the judgment of conviction and sentence pursuant to CPL 440.10. County Court denied that motion, and this Court declined permission for defendant to appeal therefrom (2015 NY Slip Op 92470[U] [2015]). Thereafter, defendant moved this Court to supplement the record in this appeal to include, among other things, defendant's postjudgment motion, and this Court also denied that motion (2016 NY Slip Op 78475[U] [2016]).

Defendant argues that her guilty plea was involuntary because it was induced by unfulfilled promises regarding the length of her sentence and that she would be admitted into a correctional facility wherein she could have given birth to her child and purportedly remained with that child for 18 months thereafter. While "[a] guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" (*People v Collier*, 22 NY3d 429, 433 [2013] [internal quotation marks and citation omitted], *cert denied* 573 US —, 134 S Ct 2730 [2014]; *see People v Selikoff*, 35 NY2d 227, 241 [1974], *cert denied* 419 US 1122 [1975]; *People v Roberts*, 293 AD2d 916, 917 [2002]), the record does not establish any of defendant's allegations. Defendant indicated that she understood the terms of the plea agreement—which did not specify the correctional facility to which she would be assigned or indicate whether she would receive additional confinement for having violated parole—and requested that County Court adhere to its terms. Defendant also expressed that, among other things, she had been given enough time to discuss her plea with her counsel and her family members, that she was voluntarily giving up her trial-related rights and that she understood that she would be allowed to withdraw her plea if County Court decided to deviate from the proposed sentence after reviewing the presentence report. Accordingly, we are satisfied that the minutes of the plea colloquy amply refute any claim of off-the-record promises allegedly made to defendant that are not entitled to judicial recognition (*see Matter of Benjamin S.*, 55 NY2d 116, 120 [1982]; *People v Frederick*, 45 NY2d 520, 526 [1978]; *People v Selikoff*, 35 NY2d at 244; *People v Decker*, 139 AD3d 1113, 1116 [2016], *lv denied* 28 NY3d 928 [2016]; *People v Crowell*, 130 AD3d 1362, 1363 [2015], *lv denied* 26 NY3d 1144 [2016], *cert denied* 580 US —, 137 S Ct 1333 [2017]). In addition, to the extent that defendant's contentions are based upon off-the-record communications between defendant and counsel or her parole officer, they are not properly addressed in this direct appeal (*see People v Fairweather*, 147 AD3d 1153, 1154 [2017]; *People v Lewis*, 143 AD3d 1183, 1185 [2016]).

With regard to defendant's ineffective assistance of counsel claim, even if we were to agree with defendant's contention that her counsel's performance was deficient for failing to advise her of or request judicial diversion under the program created by CPL article 216, whether an eligible defendant will be offered judicial diversion pursuant to that article remains within the trial court's discretion, and defendant is not automatically entitled to judicial diversion (*see People v Buswell*, 88 AD3d 1164, 1165 [2011]; *cf. People v Pittman*, 140

AD3d 989, 989 [2016]; *People v Powell*, 110 AD3d 1383, 1383 [2013]). Moreover, the record reflects that defendant's counsel negotiated a favorable plea agreement whereby defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree in satisfaction of an 11-count indictment and in exchange for the People's promise to not bring additional charges for the discovery of narcotics within defendant's home when she was arrested by parole officers. Accordingly, in light of the foregoing and defendant's express acknowledgment during the plea colloquy that she was satisfied with counsel's representation, we conclude that defendant received meaningful representation and that nothing in the record before us casts doubt on the apparent effectiveness of counsel (*see People v Ramos*, 135 AD3d 1234, 1235 [2016], *lv denied* 28 NY3d 935 [2016]; *People v Lord*, 128 AD3d 1277, 1278 [2015]; *People v Ramey*, 123 AD3d 1290, 1290-1291 [2014], *lv denied* 25 NY3d 953 [2015]).

Although, as noted above, defendant's challenge to the sentence as harsh and excessive is not precluded by the invalid appeal waiver (*see People v Lopez*, 6 NY3d at 256; *People v Cox*, 146 AD3d 1154, 1155 [2017]; *People v Lloyd*, 142 AD3d at 1250), we do not find that the sentence is harsh or excessive. Notwithstanding defendant's purported eligibility for judicial diversion, as well as her age, mental health issues and then-pregnancy, County Court imposed the sentence that defendant expressly agreed to receive in exchange for her guilty plea. Thus, we find no extraordinary circumstances or any abuse of discretion warranting a modification of the sentence in the interest of justice (*see People v Ramirez*, 98 AD3d 1168, 1168 [2012]; *People v Lasanta*, 89 AD3d 1324, 1324 [2011]; *People v Jones*, 257 AD2d 920, 920 [1999]).

Garry, J.P., Egan Jr., Lynch and Clark, JJ., concur. Ordered that the judgment is affirmed.