■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY MASSEY, Appellant. [59 NYS3d 233]—Motion for reargument, and for other relief, granted in part and, upon reargument, the memorandum and order entered April 28, 2017 (140 AD3d 1524 [2016]) is amended by deleting the second sentence of the second paragraph of the memorandum and substituting the following sentences: "As a preliminary matter, that contention survives defendant's waiver of the right to appeal (see id.). Contrary to the People's contention, although defendant initially withdrew his motion to withdraw the guilty plea, defendant's contention is properly before us inasmuch as the record reflects that the court allowed defendant to reinstate his motion, and then the court expressly denied the motion (cf. People v Harris, 97 AD3d 1111, 1112 [2012], lv denied 19 NY3d 1026 [2012]). Nevertheless, we reject that contention. Defendant's terse answers to the court's questions do not indicate that he failed to understand the nature and consequences of his plea (see People v Dorrah, 50 AD3d 1619, 1619 [2008], lv denied 11 NY3d 736 [2008]). Moreover, it is well established that the denial of a motion to withdraw a guilty plea is not an abuse of discretion absent 'some evidence of innocence, fraud, or mistake in inducing the plea' (People v Noce, 145 AD3d 1456, 1457 [2016] [internal quotation marks omitted]; see People v Ernst, 144 AD3d 1605, 1606 [2016], lv denied 28 NY3d 1144 [2017]), and there is no such evidence here. Although defendant alleges that the prosecutor promised him the opportunity to withdraw his guilty plea if he provided information concerning other crimes, the record establishes that defendant refused to cooperate with the prosecutor in that regard. Furthermore, the minutes of the plea colloquy belie defendant's belated assertions of innocence, and thus we conclude that the court did not abuse its discretion in denying his motion without a hearing (see Dale, 142 AD3d at 1289; People v Miles, 138 AD3d 1350, 1351 [2016], lv denied 28 NY3d 934 [2016])." Present—Centra, J.P., Carni, Lindley, Curran and Troutman, JJ.

■ NNPL TRUST SERIES 2012-1, Respondent, v DIANNE L. LUNN, Appellant, et al., Defendants. (Appeal No. 2.) [54 NYS3d 912]—Motion for reargument denied. Present—Whalen, P.J., Smith, Centra, Troutman and Scudder, JJ.