Clark, J.
 

 Appeal from a judgment of the County Court of Saratoga County (Sypniewski, J.), rendered September 21, 2015, convicting defendant upon his plea of guilty of the crime of burglary in the third degree (two counts).
 

 Defendant waived indictment and agreed to be charged in a superior court information with two counts of burglary in the third degree. In accordance with a plea agreement, defendant pleaded guilty to these crimes in satisfaction of the superior court information, as well as other pending charges, and also waived his right to appeal. Pursuant to the plea agreement, defendant was to be sentenced to two consecutive sentences of IV3 to 4 years in prison and pay restitution in the amount of $41,760. During the plea proceedings, County Court administered a Parker admonishment advising defendant that, if he were to be arrested prior to sentencing, the court would not be bound by the agreed-upon sentence. Before sentencing, defendant was arrested and charged with strangulation in the second degree and assault in the third degree. County Court thereafter imposed an enhanced prison sentence of IV3 to 4 years in prison on one conviction of burglary in the third degree and 2 to 6 years in prison on the second conviction, with the sentences to run consecutively, and ordered defendant to pay $41,760 in restitution. Defendant now appeals.
 

 We affirm. Initially, we reject defendant’s contention that his waiver of the right to appeal was invalid. The record confirms that County Court distinguished the right to appeal from the rights automatically forfeited by a guilty plea. Defendant acknowledged his understanding of the ramifications of the waiver and executed a detailed written waiver with counsel in open court. Accordingly, defendant validly waived his right to appeal (see People v McCall, 146 AD3d 1156, 1157 [2017], lv denied 29 NY3d 1034 [2017]; People v Hernandez, 140 AD3d 1521, 1522 [2016], lv denied 28 NY3d 971 [2016]).
 

 Defendant’s challenge to the voluntariness of his plea and his claim of ineffective assistance of counsel survive his appeal waiver, but are unpreserved for our review, as there is no indication in the record that he made an appropriate postal-locution motion (see People v Cox, 146 AD3d 1154, 1154 [2017]; People v Kormos, 126 AD3d 1039, 1040 [2015]). As to the plea, the narrow exception to the preservation requirement was triggered when defendant claimed that the location of the crime charged in the second count of the superior court information was not a building, potentially negating an element of the charged crime (see Penal Law § 140.20). County Court, however, made a further inquiry into defendant’s claim and, following a brief discussion during which defense counsel conceded that the structure in question constituted a building within the meaning of the statute (see Penal Law § 140.00 [2]), the court confirmed that defendant understood and that his plea was voluntary (see People v Ahrens, 145 AD3d 1322, 1322 [2016], lv denied 28 NY3d 1181 [2017]; People v English, 100 AD3d 1147, 1148 [2012]).
 

 As to defendant’s challenge to the amount of restitution ordered, the record reflects that the terms of the plea agreement included restitution in the specific amount ordered, and defendant did not request a hearing or otherwise challenge the amount at sentencing. Accordingly, defendant’s challenge is both precluded by his appeal waiver and unpreserved for our review (see People v Hall, 135 AD3d 1246, 1246 [2016], lv denied 27 NY3d 998 [2016]; People v Campo, 125 AD3d 1058, 1059 [2015], lv denied 25 NY3d 1070 [2015]). Further, we reject defendant’s contention that County Court improvidently enhanced his sentence. County Court advised defendant at the time of his plea of the consequences of being arrested prior to sentencing, and defendant waived a hearing and any other challenge to the enhancement of his sentence in exchange for the enhanced sentence imposed (see People v Slamp, 145 AD3d 1320, 1321 [2016]; People v Lord, 128 AD3d 1277, 1278-1279 [2015]). Finally, defendant’s claim that the enhanced sentence is harsh and excessive is precluded by his appeal waiver given that County Court advised him of the consequences of violating the plea conditions (see People v Perkins, 125 AD3d 1045, 1047 [2015]; People v Lyman, 119 AD3d 968, 970 [2014], Iv denied 27 NY3d 1153 [2016]).
 

 McCarthy, J.P., Garry, Rose and Devine, JJ., concur.
 

 Ordered that the judgment is affirmed.