People v Knight (2018 NY Slip Op 05633)





People v Knight


2018 NY Slip Op 05633


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018

108448

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
GAMMEN KNIGHT, Also Known as G, Appellant.

Calendar Date: June 11, 2018

Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


 Sandra M. Colatosti, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered March 15, 2016, convicting defendant upon his plea of guilty of the crimes of manslaughter in the first degree and criminal sale of a firearm in the third degree.
Defendant pleaded guilty to manslaughter in the first degree and criminal sale of a firearm in the third degree with the understanding that he would be sentenced, as a second violent felony offender, to an aggregate prison sentence of 28 years, to be followed by five years of postrelease supervision. Pursuant to the plea agreement, defendant agreed to waive his right to appeal and to pay restitution in the amount of $8,400. County Court thereafter imposed the agreed-upon sentence and ordered defendant to pay $8,400 in restitution. Defendant now appeals.
We affirm. Defendant's claim that his sentence is harsh and excessive is precluded by his unchallenged appeal waiver (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Chapman, 160 AD3d 1211, 1211 [2018]; People v Booker, 159 AD3d 1221, 1222 [2018]). Further, inasmuch as the record establishes that the terms of the plea agreement included restitution in the amount of $8,400, and defendant did not request a hearing or otherwise contest the amount ordered, his contention that the amount is not supported by the record is both precluded by his appeal waiver and unpreserved for our review (see People v Grumberg, 153 AD3d 1525, 1527 [2017]; People v Adams, 153 AD3d 1449, 1451 [2017]).
Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.