People v Latifi (2019 NY Slip Op 02922)





People v Latifi


2019 NY Slip Op 02922


Decided on April 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 18, 2019

108644

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
FITIM R. LATIFI, Appellant.

Calendar Date: March 18, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Norbert A. Higgins, Binghamton, for appellant.
Michael D. Ferrarese, Acting District Attorney, Norwich (Karen Fisher McGee, New York Prosecutors Training Institute, Inc., Albany, of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from a judgment of the County Court of Chenango County (Downey, J.), rendered May 20, 2016, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and waived his right to appeal. In accordance with the terms of the plea agreement, he was sentenced as a predicate felon to seven years in prison, followed by three years of postrelease supervision, to run concurrently with a sentence that was to be imposed upon another conviction in a different court. Defendant appeals.
Initially, we find defendant's waiver of the right to appeal to be invalid. In addition to neglecting to inform defendant that the right to appeal was separate and distinct from the other rights that he was forfeiting by pleading guilty, the record discloses that County Court failed to adequately explain the nature of the waiver or ascertain that defendant understood its many ramifications (see People v Miller, 166 AD3d 1385, 1386 [2018], lv denied ___ NY3d ___ [Feb. 25, 2019]; People v Pittman, 166 AD3d 1243, 1244 [2018], lv denied 32 NY3d 1176 [2019])[FN1]. As such, defendant is not precluded from challenging the severity of the sentence, but we find that the sentence is neither harsh nor excessive. Defendant has a lengthy criminal record and consented to the sentence as part of the plea agreement. Therefore, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of [*2]justice (see People v Meddaugh, 150 AD3d 1545, 1548 [2017]; People v Rabideau, 130 AD3d 1094, 1095 [2015]).
Defendant further contends that he was denied the effective assistance of counsel [FN2]. To the extent that he asserts that his counsel did not adequately explain the appeal waiver, this concerns a matter outside the record and is more properly the subject of a CPL article 440 motion (see People v Muller, 166 AD3d 1240, 1241 [2018]; People v Aldous, 166 AD3d 1077, 1079 [2018], lv denied 32 NY3d 1124 [2018]). As for his claims that his counsel failed to persuade County Court to delay sentencing so that he could see his family one last time or to negotiate a more favorable plea agreement, the record does not substantiate his conclusory contentions or establish that he was denied meaningful representation. During the plea proceedings, defendant expressed his desire to have sentence imposed as soon as possible and consented to the preplea report being used as the presentence investigation report so that he could be sentenced immediately. County Court honored defendant's request and sentenced him at that time. Furthermore, although a more favorable offer was communicated earlier in the proceedings, defendant rejected it and indicated that he wished to proceed to trial. The disposition ultimately negotiated by defense counsel was advantageous to defendant, exposing him to almost half of the prison time that he could have faced if convicted after trial, and nothing in the record casts doubt upon counsel's effectiveness (see People v Norton, 164 AD3d 1502, 1503 [2018], lv denied 32 NY3d 1114 [2018]; People v Jackson, 159 AD3d 1276, 1277 [2018], lv denied 31 NY3d 1149 [2018]).
Lynch, Clark, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although a written waiver was executed by defendant, it is not included in the record and the People do not rely upon it in support of their argument that the appeal waiver is valid.

Footnote 2: In view of the invalidity of defendant's appeal waiver, he is also not foreclosed from raising this claim as it relates to his counsel's alleged inadequacies (see People v Meddaugh, 150 AD3d at 1546).