People v Allen (2025 NY Slip Op 06229)

People v Allen

2025 NY Slip Op 06229

Decided on November 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 13, 2025

CR-25-0300
[*1]The People of the State of New York, Respondent,
v
Courtney Allen, Appellant.

Calendar Date:October 3, 2025

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Hegge & Confusione, LLC, New York City (Michael Confusione of counsel), for appellant.
Elizabeth M. Crawford, District Attorney, Malone (Alyxandra Stanczak of counsel), for respondent.

Appeal from a judgment of the County Court of Franklin County (Craig Carriero, J.), rendered January 16, 2025, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Pursuant to a negotiated disposition and in full satisfaction of an indictment charging defendant with two counts of criminal possession of a controlled substance in the third degree and one count of obstructing governmental administration in the second degree, defendant pleaded guilty to a single count of criminal possession of a controlled substance in the third degree and waived her right to appeal, both orally and in writing. The plea agreement contemplated defendant's acceptance into an adult court treatment program, in which case County Court agreed to sentence her to five years of probation. In the event that defendant were to not be accepted, the court would sentence her to six months in jail and five years of probation. Prior to sentencing, a warrant was issued for defendant's arrest, and defendant was charged with additional crimes, including three felonies. At sentencing, defendant did not dispute that County Court was no longer bound by the terms of the plea agreement and, following a renegotiated global disposition, County Court sentenced defendant to a prison term of five years, to be followed by two years of postrelease supervision. Defendant appeals.
We affirm. As an initial matter, we find that defendant's waiver of her right to appeal is valid. Defendant was advised that the appeal waiver was a condition of the plea agreement, and County Court explained the separate and distinct nature of the waiver and enumerated certain appellate issues that survive the waiver, and defendant affirmed her understanding thereof (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Snyder, 235 AD3d 1072, 1072-1073 [3d Dept 2025]; People v Patterson, 228 AD3d 1138, 1139 [3d Dept 2024]). "Defendant also executed a written waiver that similarly advised defendant of h[er] rights, acknowledging that [s]he had read the waiver, discussed it with counsel and had no questions regarding it" (People v Snyder, 235 AD3d at 1072 [citations omitted]). Accordingly, we find that defendant's waiver of the right to appeal was knowing, intelligent and voluntary (see People v Cali, 229 AD3d 940, 941-942 [3d Dept 2024]; People v Delosh, 227 AD3d 1276, 1277 [3d Dept 2024]).
Although not precluded by the appeal waiver (see People v Cruz, 221 AD3d 465, 465 [1st Dept 2023]; People v Larock, 211 AD3d 1234, 1235 [3d Dept 2022]; People v Turner, 158 AD3d 892, 893 [3d Dept 2018]), to the extent that defendant contends that County Court impermissibly imposed an enhanced sentence, this claim is unpreserved (see People v El-Begearmi, 236 AD3d 1203, 1204 [3d Dept 2025]; compare People v Lane, 233 AD3d 1207, 1210 [3d Dept 2024], lv denied 43 NY3d 945 [2025]). As for defendant's challenge to the severity of her enhanced sentence — which was renegotiated [*2]and agreed to by defendant in exchange for the People's dismissal of the several new charges brought against her — inasmuch as County Court advised defendant of the conditions of the plea and the consequences for violating those conditions, this challenge is precluded by the valid appeal waiver (see People v El-Begearmi, 236 AD3d at 1204; People v Brown, 163 AD3d 1269, 1271 [3d Dept 2018]; People v Turner, 158 AD3d at 892-893; People v Adams, 153 AD3d 1449, 1451 [3d Dept 2017]).
Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.